**UNIJAX, INC., a Florida corporation, Plaintiff,**

v.

**FACTORY INSURANCE ASSOCIATION, and its member companies, et al., Defendants.**

**Civ. No. 71–262.**

United States District Court, M. D. Florida, Jacksonville Division.

Oct. 8, 1971.

Rogers, Towers, Bailey, Jones & Gay, Jacksonville, Fla., for plaintiff.

Clausen, Hirsh, Miller & Gorman, Chicago, Ill., Marks, Gray, Conroy & Gibbs, Mathews, Osborne & Ehrlich, Jacksonville, Fla., for deféndants.

## ORDER

TJOFLAT, District Judge.

Defendants, Factory Insurance Association and its forty-nine member insurance companies (these fifty defendants will hereinafter be referred to as "Factory"), none of which is a Florida corporation, removed, in accordance with 28 U.S.C. § 1446, a suit brought by plaintiff, Unijax, Inc., a Florida corporation, in the Circuit Court of Duval County, Florida, against Factory and an individual, William C. Womble, a licensed insurance agent and a Florida resident. The suit was for a fire loss on an insured business operation in Louisiana suffered by plaintiff. Plaintiff now seeks to have the case remanded under 28 U.S.C. § 1441(c). The only issue to be resolved is whether there is a cause of action against the foreign defendant, Factory, "separate and independent" from that stated against the resident individual.

Section 1441(c) states:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." 28 U.S.C. § 1441(c).

The leading case on the question of what are "separate and independent" claims is a Section 1441(c) case involving an insured loss, American Fire and Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950), wherein the Supreme Court stated:

"[W]e conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540.

In the *Finn* case the Court reviewed the propriety of removal from a state court of a claim, as here, for compensation for loss of property. The plaintiff alleged in her complaint that she had bought insurance policies from two foreign companies through their mutual resident agent, who was also responsible for maintaining the insurance. After plaintiff's insured property was destroyed, both insurance companies refused to compensate her for the loss. Plaintiff thereafter alleged that either one or both companies were liable to her under their respective policies, or, in the alternative, the agent and the companies were rendered jointly and severally lia-

ble by the conduct of the agent in representing that the insurance was properly maintained.

Holding that plaintiff's pleadings are controlling in determining whether separate and independent claims exist, the Court looked to the complaint therein and observed the following:

"The single wrong for which relief is sought is the failure to pay compensation for loss on the property. Liability lay among three parties, but it was uncertain which one was responsible. Therefore, all were joined as defendants in one petition.

\* \* \* \* \* \*

The facts of each portion of the complaint involve [the agent], the damage comes from a single incident. The allegations in which [the agent] is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441(c) requires. Therefore, we conclude there was no right to removal." 341 U.S. at 14 and 16, 71 S.Ct. at 540 and 541.

A similar analysis of plaintiff's pleading must be made in the present case in order to determine whether separate and independent claims are stated. The single wrong for which relief is sought is the failure to pay compensation for the loss on the business interruption. Liability lies between two parties, but it is uncertain which one is responsible. Therefore, both parties are joined in one petition. First, facts are stated in the initial six counts that make Factory liable. While each count purports to establish a separate ground for recovery, the allegations of those six counts can be summarized for the purposes of this order as follows: As a result of negotiations between Unijax and Factory's agent, Womble, Factory issued to Unijax a business interruption insurance policy covering a Unijax paper mill in Elizabeth, Louisiana. This policy insured Un-

ijax against certain loss from interruption of its business by fire, lightning, and other perils named therein. At all times, Womble serviced the policy with regard to premium notices and other matters. On or about August 21, 1969, a fire occurred at the insured property which resulted in a business interruption loss. Unijax filed timely claim for compensation, but Factory has refused to pay the full amount of the claim. Then follows Unijax's prayer for judgment against Factory.

In the seventh and final count of its complaint, alternative to the preceding counts, plaintiff alleges it engaged Womble as its own agent to procure a business interruption insurance policy to cover its Elizabeth, Louisiana paper mill. Thereafter, Womble is said to have advised Unijax that Factory would issue the desired policy, to have conducted the negotiations between Factory and Unijax for the issuance of the policy, to have examined the policy and endorsements, and to have received a fee for his services. Unijax alleges that at no time during the negotiation for the policy did Womble disclose to Unijax the conditions of an Agreed Amount Endorsement and the corresponding provisions of the co-insurance clause in the policy which required the filing of a work sheet as a condition precedent to the effectiveness of the Agreed Amount Endorsement. It is then asserted that after a fire at the insured property created a business interruption loss, Factory refused to pay all of Unijax's damages claiming the applicability of the co-insurance clause to Unijax's claim. The pleader finally alleges that Womble's failure to disclose the terms of the policy was a result of negligence and amounted to breach of duty owed to Unijax by its agent, which breach resulted in damage to the plaintiff. The seventh count concluded with a prayer for judgment against Womble for the amount of the claim left uncompensated by Factory.

While the facts of the present case are admittedly different from those of

American Fire and Casualty Company v. Finn, they are not so different as to preclude a similar result. Here, as in *Finn*, the facts in each portion of the complaint involve the insurance agent, and the damage comes from a single incident. The allegations in which Womble is defendant involve substantially the same transactions as to the allegations wherein Factory is defendant. Hence, it cannot be said that there are separate and independent claims within the meaning of § 1441(c), and no right to removal exists.