Ralph E. **DAILEY** and Amelia M. Dailey, Plaintiffs,

v.

Raymond A. **ELICKER**, Elicker Insurance Agency, Robert Williams, Republic Underwriters Insurance Company, an Oklahoma Corporation, a division of Republic Financial Services, Inc., Defendants.

Civ. A. No. 77–C–1067.

United States District Court, D. Colorado.

March 24, 1978.

Jack D. Henderson, Denver, Colo., for defendants.

## OPINION AND ORDER

CHILSON, District Judge.

During the period here involved, the plaintiffs were residents of Silverton, Colorado; Republic Underwriters Insurance Company was a citizen of the State of Oklahoma, and the defendants, Elicker and Williams were agents of Republic, but were citizens of the State of Colorado. The plaintiffs were the owners of improved real estate in Silverton, Colorado, and on or about May 1, 1975, Elicker, as an agent for Republic, issued to the plaintiffs a Republic homeowners insurance policy. Prior to the expiration of that policy on May 1, 1976, Elicker, as agent for Republic, issued a policy ostensibly extending the same insurance coverage for the period from May 1, 1976 to May 1, 1977. On June 18, 1976, the property insured was totally destroyed by fire. The extension policy provided lesser coverage than the original policy, and plaintiffs claim that Elicker issued the extension policy for less coverage without the consent of or any notice to the plaintiffs. Republic refused to settle according to the terms of the original policy and the plaintiffs brought this action in the state court for a reformation of the extension policy and for damages, both compensatory and exemplary.

The defendants removed this action from the state court to this court on the ground of diversity of citizenship, alleging that the defendants Elicker and Williams were fraudulently made parties defendant solely to attempt to deprive this court of jurisdiction and further alleging that the complaint states no claim for relief against Elicker or Williams.

After the case was removed by the defendants to this court, the plaintiffs filed a motion to remand to the state court. The motion to remand has been submitted to the Court by the parties on briefs without oral argument.

William F. Corwin, Silverton, Colo., for plaintiffs.

For the reasons hereinafter set forth, the motion to remand should be granted.

There is no suggestion that the claim against the insurer is separate and independent from that asserted against the agent or that 28 U.S.C. § 1441(c) has any application to the present litigation. The propriety of the suit's presence in federal court must therefore be judged under the provisions of 28 U.S.C. §§ 1441(a), (b).

■■■ The citizenship of a non-diverse defendant who is a proper, even though not an indispensable, party must be considered when determining the existence of diversity jurisdiction, *Oppenheim v. Sterling*, 368 F.2d 516 (10th Cir. 1966), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 441 (1967); 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3606, at 626–28 (1975), and in assessing the removal jurisdiction of federal courts, 28 U.S.C. §§ 1441(a), (b). The citizenship of non-diverse defendants may be disregarded *only* where the joinder was made without any reasonable basis and was designed solely to defeat diversity or removal. 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3641, at 118 (1976). Where no cause of action is stated against the non-diverse party—in other words where the plaintiff could not conceivably recover from the non-diverse defendant in state court—a federal court may reasonably infer that the joinder was fraudulent. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Miami Pipe Line Co. v. Panhandle Eastern Pipe Line Co.*, 384 F.2d 21 (10th Cir. 1967); *Smoot v. Chicago, Rock Island & Pacific R. R. Co.*, 378 F.2d 879 (10th Cir. 1967).

The defendants in the instant suit contend that no cause of action is made out against the Colorado defendants. Specifically, the defendants argue that as agents for a disclosed principal Elicker and Williams were not parties to the insurance contract and cannot be held liable for its breach, if any, or for negligence in failing to advise plaintiffs of changes in their insurance coverage.

The defendants' contention finds support in general principles of agency law, *see* Restatement (Second) of Agency §§ 320, 328 (1958), and has been applied in other situations to uphold the removal of suits to federal court. *See Newman v. Forward Lands, Inc.*, 418 F.Supp. 134 (E.D.Pa.1976); *Wiley v. Safeway Stores, Inc.*, 400 F.Supp. 653 (N.D.Okl.1975); *Chipman v. Lollar*, 304 F.Supp. 440 (N.D.Miss.1969). Several courts have limited an insurance agent's liability to an insured on the same basis. *See Emersons, Ltd. v. Max Wolman, Co.*, 388 F.Supp. 729 (D.D.C.1975), *aff'd mem.*, 174 U.S.App.D.C. 241, 530 F.2d 1093 (1976); *American Mut. Serv. Corp. v. U. S. Liability Ins. Co.*, 293 F.Supp. 1082 (E.D.N.Y.1968); 16 Appleman, Insurance Law and Practice § 8832, at 459 & n. 35 (1968) [hereinafter cited as Appleman]; Annot., 72 A.L.R.3d 747, § 3[b] (1976). *But see Kolb v. Prudential Ins. Co.*, 170 F.Supp. 97 (W.D.Ky.1959) (holding that a "colorable" claim was asserted against the non-diverse agent of the insurer, blocking removal of the suit to federal court). At least one court has characterized the joinder of a non-diverse insurance agent in a suit by an insured against an out-of-state insurer as "fraudulent" and as being no bar to removal of the suit from state court. *American Mut. Serv. Corp. v. U. S. Liability Ins. Co., supra. Contra, Kolb v. Prudential Ins. Co., supra.*

■ Scrutiny of the authorities cited above, however, reveals that the defendants' argument holds true only where the agent acts *solely* on behalf of a single principal. It is neither unethical nor unusual, however, for an insurance agent to act on behalf of both the insurer and the insured. *Martinez v. Great American Ins. Co.*, 286 F.Supp. 141, 143 (W.D.Tex.1968); 16 Appleman, *supra*, § 8725. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Unijax, Inc. v. Factory Ins. Assoc.*, 332 F.Supp. 154 (M.D.Fla.1971); *Chason Bros., Inc. v. Ins. Co. of N. America*, 102 F.Supp. 803 (S.D.N.Y.1952). In such a case the agent owes a duty to exercise due care and reasonable diligence in the pursuit of the insured's business. *Butler v. Scott*, 417 F.2d 471 (10th Cir.

1969); Annots., 72 A.L.R.3d 747, § 4 (1976); 64 A.L.R.3d 398, § 2[a] (1975). A breach of this duty subjects the agent to personal liability for breach of contract or negligence. *Fli-Back Co., Inc. v. Phil. Mfrs. Mut. Ins. Co.*, 502 F.2d 214, 217 (4th Cir. 1974); Annots., 72 A.L.R.3d 704; 735; 747 (1976); 64 A.L.R.3d 398 (1975).

 The existence of a particular agency relationship is generally a question of fact. *Mitton v. Granite State Fire Ins. Co.*, 196 F.2d 988 (10th Cir. 1952); *Marron v. Helmecke*, 100 Colo. 364, 67 P.2d 1034 (1937); 22 Appleman, *supra*, § 12854, at 11. Further, a federal court will not pre-try doubtful issues of fact to determine removability: "the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, Rock Island & Pacific R. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

The Court concludes that the existence or non-existence of an agency relationship between the plaintiffs and Raymond Elicker is not an issue "capable of summary determination" as the record now stands.*

"Whether the joinder is fraudulent or not is said to depend on whether the plaintiff really intended to obtain a judgment against both defendants.

. . . . .

If there is a possibility that the plaintiff has stated a cause of action, the joinder is not fraudulent, and the cause should be remanded. Nor will a merely defective statement of the plaintiff's action warrant removal." 1A Moore's Federal Practice, para. 0.161[2], at 210, 212–13 (1974) (footnotes omitted).

The plaintiff clearly intended to obtain a judgment against Elicker and the complaint alleges sufficient underlying facts which if proven could state a claim against him. Construing the plaintiffs' pleadings "as to do substantial justice," rule 8(f), Fed.R. Civ.P., the Court holds that Elicker's joinder is not fraudulent, that no diversity of

* The nature of Williams role in the transactions alleged in the complaint is unclear. The Court, however, finds it necessary to consider only the

citizenship exists between the plaintiffs and defendants, and that the case must be remanded to the state forum.

IT IS THEREFORE ORDERED that the plaintiffs' motion to remand is hereby granted and the Clerk of this Court shall remand these proceedings to the District Court of San Juan County, State of Colorado, for further proceedings.

involvement of Elicker and expresses no opinion as to whether Williams is properly a party to the suit.