**LOWELL STAATS MINING CO., Plaintiff,**

v.

**PHILADELPHIA ELECTRIC CO., et al., Defendant.**

Civ. A. No. 87-K-35.

United States District Court, D. Colorado.

Jan. 28, 1987.

Joseph Coleman, Coleman, Brown & Jouflas, Grand Junction, Colo., for plaintiff.

Boyd Boland, Hank Gibson, Holme Roberts & Owen, Denver, Colo., for Philadelphia Electric.

Gregory K. Hoskin, David A. Price, Nelson, Hoskin, et al., Grand Junction, Colo., for Smith, Robison, Culver & Mesa.

## ORDER ON PETITION FOR REMOVAL AND MOTION TO DISMISS

KANE, District Judge.

Defendants have petitioned for removal. The petition includes a prayer for costs and fees. In addition, the individual defendants Smith and Robison have moved for dismissal.

28 U.S.C. § 1359 bars the district court from assuming subject matter jurisdiction over "a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." This statute prohibits devices to *create* federal jurisdiction. No converse statute exists, however. "Curiously, there is no statute that expressly inhibits the use of devices to defeat federal jurisdiction." 14 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3641 (1985). "Consequently, the majority of federal courts that have faced the problem have permitted transactions that obviously were undertaken solely to prevent the federal courts from exercising diversity jurisdiction." *Id.*

The leading case in support of this principle is *Mecom v. Fitzsimmons Drilling Co.,* 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931). There, an Oklahoma plaintiff suing a Louisiana defendant procured the ap-

pointment of a Louisiana representative in order to defeat removal. The Supreme Court approved this course of action and declined to investigate plaintiff's motive, since the appointment itself was valid under state law. *Id.* at 189, 52 S.Ct. at 87.

Although "the absence of a statute does indicate the importance of judicial restraint" in examining devices to defeat diversity jurisdiction, the federal courts should not be completely prevented "from protecting a litigant's right to diversity jurisdiction when the controversy really is between parties on one side who all are from different states than those on the other side." Wright, Miller & Cooper at § 3641. Thus, "[a] fraudulent joinder as defendant of a person against whom plaintiff has no bona fide claim, but who is a citizen of the same state as plaintiff, will not defeat removal." Wright, *The Law of Federal Courts*, § 31 (4th ed. 1983).

"However, the fraudulent joinder of resident and nonresident defendants will not be inferred from the misjoinder of the parties alone and the nonresident has the burden of showing that the joinder was made without any reasonable basis and solely to defeat removal. If he fails to meet this burden the action will be remanded to the state court." Wright, Miller & Cooper, § 3641.

I have found two older Supreme Court cases which address the issue. In *Wecker v. National Enameling Co.*, 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907), Wecker sued his employer and two coemployees. One of the coemployees was of the same citizenship as Wecker, thus destroying diversity among the parties. By affidavit, that coemployee established his position within the company afforded no connections either with Wecker or the jobsite of Wecker's injury. The trial court therefore permitted removal and denied plaintiff's motion to remand.

The Supreme Court affirmed. Mr. Justice Day wrote: "While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the federal courts should not sanction devices intended to prevent a removal to a federal court

where one has that right, and should be equally vigilant to protect the right to proceed in the federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Id.* at 185–86, 27 S.Ct. at 188.

A similar decision was reached in *Wilson v. Republic Iron Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). As in *Wecker*, plaintiff sued both his employer and a coemployee. Joinder of the coemployee destroyed diversity. Nevertheless, the trial court permitted removal and denied a motion for remand. The petition for removal alleged, *inter alia,*

> that the plaintiff had brought an earlier action in the district court against the employer alone to recover for the same injuries and on the trial had taken a voluntary nonsuit because it appeared that he probably could not recover in that court on the evidence presented; that soon thereafter the present action, with the coemployee joined as a defendant, was begun in the state court.

*Id.* at 94, 42 S.Ct. at 36.

Citing *Wecker*, the Supreme Court noted the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Id.* at 97, 42 S.Ct. at 37. If, continued the court, "a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal." *Id.* The joinder was a sham and fraudulent because it was accomplished "without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the coemployee." *Id.* at 98, 42 S.Ct. at 37. Thus, the district court had "rightfully sustained its jurisdiction under the removal." *Id.* at 99, 42 S.Ct. at 38.

In reaching its conclusion the *Wilson* court stated "the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding." *Id.* at 97, 42 S.Ct. at 37. This burden would be satisfied automatically if plaintiff did not take issue with the allegations made in defendant's verified petition.

Such was the case in *Wilson. Id.* at 97–8, 42 S.Ct. at 37.

■ *Wilson* bears heavily on the case at bar. Like Wilson, Staats has already brought its case once. There is little room for doubt about plaintiff's motive to defeat federal jurisdiction by naming Robison and Smith as defendants. The test, however, is not one of motive. Rather, the test is whether there is any reasonable basis for asserting a claim against either or both resident defendants. Oral argument discloses insubstantial bases for asserting the claims. They are, as plaintiff's counsel admits, based on information and belief. Future developments in the case may show a violation of Rule 11 but I must take the pleadings as they presently exist and not conduct an extensive investigation into the information and belief upon which the allegations were made.

As a general rule, this circuit recognizes that "joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Roe v. General American Life Insurance Co.,* 712 F.2d 450, 452 (unnumbered footnote) (10th Cir.1983).

In *Smoot v. Chicago, Rock Island & Pacific R.R. Co.,* 378 F.2d 879 (10th Cir. 1967), plaintiff's decedent was killed at a railroad crossing. Plaintiff named the railroad and one of its employees as defendants. The employee's citizenship was the same as that of plaintiff. The district court dismissed the employee from the case because he had left the job about fifteen months before the accident. The court also denied plaintiff's motion to remand, finding the employee had been joined merely to frustrate removal.

In affirming the lower court, the circuit court wrote: "While issues of liability may not ordinarily be determined on a motion to remand, it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Id.* at 881–82.

Another helpful case is *McLeod v. Cities Service Gas Co.,* 233 F.2d 242 (10th Cir. 1956). The McLeods brought suit for negligent injury to their land. Their complaint named Cities Service and one Miller, a contractor for Cities Service. Again, the addition of Miller destroyed the diversity of the parties. Miller established the work he did for Cities Service had nothing to do with plaintiffs' injuries. Cities Service petitioned for removal, alleging plaintiffs knew Miller had no connection with the issues in the case and had named him as a defendant "for the sole purpose of fraudulently preventing the petitioner from removing the case to the federal court and for no other purpose." *Id.* at 244. The petition was granted, and plaintiffs' subsequent motion to remand was denied.

The circuit court affirmed the district court's decision. The court stated "[o]f course if there is bad faith or collusion in joining a resident defendant for the sole purpose of preventing removal, that may be shown by any means available.... But, fraudulent joinder, like any other allegation of fraud, must be pleaded with particularity and proven with certainty. It cannot be inferred from a mere misjoinder of parties or causes of action." *Id.* at 246.

The decisions in *Miami Pipeline Co. v. Panhandle Eastern Pipeline Co.,* 384 F.2d 21, 27 (10th Cir.1967) and *Lobato v. Pay Less Drug Stores,* 261 F.2d 406, 409 (10th Cir.1958) are to the same general effect. However, I found the case of *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82 (10th Cir.1964) to be particularly instructive. A Fawcett magazine published an article disparaging the University of Oklahoma football team. Thirteen team members, led by one Morris, brought suit against Fawcett, a foreign corporation. Also named as a defendant was Mid-Continent News Co., the magazine's distributor. Mid-Continent had its principal place of business in Oklahoma City, and so was an Oklahoma citizen. Thus, no removal could be effected.

The Morris case went to trial in state court, and the trial judge directed a verdict

against Fawcett but in favor of Mid-Continent. The judgment was affirmed by the Oklahoma Supreme Court. Sometime during this series of events, Dodd, another football player, brought his own action. Dodd used the same counsel Morris and his twelve coplaintiffs had hired. Dodd's defendants successfully petitioned for removal, and the federal court refused to remand. During the hearing on that motion, the district judge concluded Dodd's evidence against Mid-Continent "would have the same legal substance as that given in the Morris case and that the nonliability of Mid-Continent had thus been judicially established to that extent." *Id.* at 84.

The circuit court affirmed the district court's action. The circuit court decided res judicata could not be applied because the Morris and Dodd parties lacked identity of parties. However, the law of Oklahoma as enunciated by the state's highest court in the Morris case did apply under *Erie.* The Oklahoma Supreme Court had determined "that unrecited but specific proof occurring in the Morris case was insufficient to impose liability upon Mid-Continent." *Id.* at 85. "Without material addition that same proof appears with complete certainty to be the sole basis of present plaintiff's claim against the same defendant in a case having identical origin." *Id.* Thus, Mid-Continent's nonliability "is established as a matter of fact and law, and its continued joinder serves only to frustrate federal jurisdiction. In such case the joinder is fraudulent."[1] *Id.*

■ Smith *is a former member of the* Board of Directors of both Pioneer Uravan and Pioneer Corporation. Robison is a former employee of Pioneer Uravan. The only two claims in the *Staats II* complaint which name Robison and Smith are the fourth and sixth claims. Both of those claims assert involvement by Smith and Robison in fraudulent conveyances allegedly made by Pioneer Uravan and/or Pioneer Corporation.

Since I dismissed the third-party complaint against Pioneer Corp. on its merits, and since Staats' claims against Pioneer Uravan have been fully litigated, any claim now brought against Smith in his capacity as a director involved in fraudulent conveyances made by either of those two companies is barred by res judicata. "The general rule is that a judgment on the merits of a court of competent jurisdiction is an absolute bar to the prosecution of a second action on the same claim. Such a judgment precludes a claim 'not only as to issues actually resolved, but *also to all matters germane to the general issue which could or might have been litigated therein.'*" *Prospero Associates v. Burroughs Corp.,* 714 F.2d 1022, 1027 (10th Cir.1983) (emphasis added), quoting *Ballas v. Cladis,* 167 Colo. 248, 447 P.2d 224, 228 (1968), *cert. denied,* 395 U.S. 921, 89 S.Ct. 1772, 23 L.Ed.2d 238 (1969). Smith's alleged participation in Pioneer Corporation's fraudulent conveyances of Pioneer Uravan's assets is a matter which could or might have been litigated in *Staats I.* The same principle applies to any of Smith's and/or Robison's activities on behalf of Pioneer Uravan which may have affected Staats.

Moreover, I believe both Smith and Robison are in privity with the two corporations. *See St. Louis Baptist Temple v. FDIC,* 605 F.2d 1169 (10th Cir.1979). There is no hard and fast definition of privity, but at a minimum it requires "a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same." *Id.* at 1174–75. "[T]he party bound in the second suit is the person whose interest, in substance if not formally, was at stake in the prior litigation." *Id.* at 1176.

Under the current circumstances, I believe Smith's and Robison's interests were actually at stake in *Staats I.* Thus my directed verdict in that case has claim pre-

---

1. "Fraudulent joinder" has been defined as a term of art. "[I]t does not reflect on the integrity of plaintiff or counsel ... but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse

defendant, or *in fact* no cause of action exists." *Lewis v. Time, Inc.,* 83 F.R.D. 455, 460 (E.D.Cal. 1979) (emphasis in original), *affirmed on other grounds,* 710 F.2d 549 (9th Cir.1983).

clusive effect in the current litigation, because any claims against the individual defendants' actions as agents of Pioneer Uravan or Pioneer Corp. should have been formerly adjudicated. As a result, Smith and Robison have been misjoined, and the facts establish such misjoinder was made in a fraudulent manner in order to frustrate removal.

I have found only one pertinent published case in this district, *Dailey v. Elicker*, 447 F.Supp. 436 (D.Colo.1978) (J. Chilson). There, plaintiffs brought suit against two insurance agents and their insurance company for reformation of an extension insurance policy. Defendants removed on the basis of diversity, alleging plaintiffs had joined the individual agents "solely to attempt to deprive this court of jurisdiction and further alleging that the complaint states" no claim for relief against the agents. *Id.* at 437.

Judge Chilson opined:

The citizenship of non-diverse defendants may be disregarded *only* where the joinder was made without any reasonable basis and was designed solely to defeat diversity or removal.... Where no cause of action is stated against the non-diverse party—in other words where the plaintiff could not conceivably recover from the non-diverse defendant in state court—a federal court may reasonably infer that the joinder was fraudulent. *Id.* at 438 (emphasis in original).

Judge Chilson also noted "a federal court will not pre-try doubtful issues of fact to determine removability: 'the issue must be capable of summary determination and be proven with complete certainty.'" *Id.* at 439, citing *Smoot*, 378 F.2d at 882. Since an insurance agent can act on behalf of both the insurer and the insured, the existence or non-existence of an agency relationship between plaintiffs and the individually named agents was not capable of summary determination. Therefore the motion to remand was granted. *Id.* at 438–39.

I do not see any precedential problem with *Dailey*. The factual scenario in

*Staats II* is quite different. The issues of fact I need to decide here are capable of summary determination because I have already tried the case, at least insofar as the claims against Smith and Robison are concerned.

## MOTION TO DISMISS

■ Defendants have also moved to dismiss Robison and Smith from the complaint, on the grounds alleged in their removal petition. Obviously, dismissal is conceptually related to the basis of the removal petition, as indicated by cases such as *Smoot*. The relationship strikes me as a "chicken and the egg" problem. If a non-diverse defendant's motion to dismiss is granted, then removal may be performed. Thus, independent grounds for dismissal, such as Smith's noninvolvement with the alleged fraudulent conveyances (*see* Smith affidavit, Exhibit G to the Removal Petition) will pave the way for removal. On the other hand, a finding that a nominal party has been named to defeat diversity jurisdiction can lead to dismissal of that party. *See Carpenter v. Illinois Central Gulf R.R. Co.*, 524 F.Supp. 249, 252 (M.D. La.1981). Therefore, I grant the removal petition and dismiss Smith and Robison from the fourth and sixth claims.

■ In any event, defendants' removal petition also profers independent grounds for dismissal.[2] First, as just mentioned, Smith asseverates he was not on the Board of either Pioneer Corp. or Pioneer Uravan at the time the alleged transfers took place. Mere status as an officer or agent of a corporation

does not render one personally liable for a tortious act of the corporation. Specific direction or sanction of, or active participation or cooperation, in a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation. *Labato*, 261 F.2d at 409.

**2.** The exact number of grounds is unclear, because the removal petition is not organizational-

ly concise. Defendants reassert certain grounds under various rubrics.

Thus, Smith has alleged independent grounds for his dismissal.

The only other significant ground for dismissal alleged by defendants is that the fourth claim fails to state a claim for relief because there is no recognized tort of aiding or assisting in a fraudulent conveyance. Reading the fourth claim in a positive light, as I must under a motion to dismiss, I find the claim adequately alleges the tort of fraudulent conveyance.

## ATTORNEY FEES AND COSTS

Defendants seek fees and costs, by way of 28 U.S.C. § 1927. I decline to rule on this request at this time and will await an adjudication on the merits.

IT IS ORDERED that the petition for removal is granted.

IT IS FURTHER ORDERED that defendants Smith and Robison are dismissed from this case.