878 F.2d 1271
 LOWELL STAATS MINING COMPANY, INC., a Colorado corporation,
Plaintiff-Appellant,
v.
PHILADELPHIA ELECTRIC COMPANY, Umetco Minerals Corporation,
Burton P. Smith, Wallace D. Robison, C. David Culver,
Pioneer Nuclear, Inc., Pioneer Corporation and Mesa
Operating Limited Partnership, Defendants-Appellees.
 Nos. 87-1570, 87-1779.
 United States Court of Appeals,
Tenth Circuit.
 June 19, 1989.
 
 Joseph Coleman of Coleman, Brown & Jouflas, Grand Junction, Colo., for plaintiff-appellant.
 David A. Price (Gregory K. Hoskin, Theodore Allegra with him on the briefs) of Nelson, Hoskin, Groves & Prinster, P.C., Grand Junction, Colo., for defendants-appellees.
 Before LOGAN, BARRETT, and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 Lowell Staats Mining Company (Staats) brings two separate appeals arising out of one case in the district court. These appeals were consolidated. Staats claims the federal district court erred in granting the defendants' petition to remove the case from the Colorado state district court based on diversity jurisdiction, and in dismissing the claims against all defendants as barred by res judicata. This opinion discusses each appeal separately. Having considered the parties' arguments we affirm.
 
 
 2
 Staats originally brought a suit against Pioneer Uravan, Inc. wherein the jury awarded $629,562 in damages. When Staats was unable to collect on that judgment it brought a second suit, which is the subject of these two appeals.
 
 
 3
 The following facts regarding the two separate district court suits brought by Staats and the three resulting appeals are necessary to understand this appeal.
 
 STAATS I
 
 4
 In 1982, Staats brought a suit against Pioneer Uravan, Inc. (Uravan) claiming breach of a mining contract and misrepresentation of terms and actions to be taken under the contract. Pretrial Order. In 1985, Staats brought into this suit as third party defendants, Pioneer Corporation (Pioneer) and Pioneer Nuclear Inc. (Nuclear), claiming these corporations were responsible for Uravan's liabilities under the theories of alter ego, instrumentality, agency, successor corporation, and receipt of fraudulent conveyances. At the conclusion of Staats' case in chief, the court granted Pioneer and Nuclear a directed verdict on all claims. Staats' breach of contract claim went to the jury, which awarded Staats $629,562 in damages against Uravan. The district court's rulings on post trial motions are discussed in Lowell Staats Mining Co. v. Pioneer Uravan, Inc., 645 F.Supp. 254 (D.Colo.1986). Staats appealed the district court's directed verdict in favor of Nuclear and Pioneer, and its failure to award prejudgment interest on the damages against Uravan. We affirmed the district court's decision except as to prejudgment interest in Lowell Staats Mining Co. v. Pioneer Uravan, Inc., 878 F.2d 1259 (10th Cir.1989).
 
 STAATS II
 
 5
 When Staats was unsuccessful in collecting its judgment against Uravan, it brought a second suit in Colorado state district court against three individuals and five corporations seeking to hold these defendants liable for the Staats I judgment. In the complaint, Staats alleged three of the individuals, Smith Robison and Culver, were liable for the Staats I judgment because they aided and assisted in the fraudulent conveyances of Uravan assets to Nuclear, and Nuclear assets to Pioneer. Staats alleged liability against Nuclear, Pioneer, and Mesa Operating Limited Partnership (Mesa) under theories that they received fraudulent conveyances from Uravan; that Staats was a third party beneficiary of a contract wherein Nuclear agreed to be responsible for the Staats I judgment; that Nuclear was a partner of Uravan and liable for its debts; and that Pioneer and Mesa were likewise responsible as successor corporations of Nuclear. Staats alleged liability against Philadelphia Electric Company (PEC) on theories of partnership, bulk transfer, and receipt of fraudulent conveyances from Uravan. Staats alleged liability against Umetco Minerals Corporation (Umetco) based on theories of partnership and receipt of fraudulent conveyances from Uravan.
 
 
 6
 After receiving the complaint, the defendants petitioned the federal district court for removal from state court, alleging two of the individual defendants had been fraudulently joined to defeat diversity jurisdiction. The individual defendants Smith and Robison moved for dismissal. The district court judge conducted a hearing pursuant to 28 U.S.C. Sec. 1446(c)(5) (Supp.1988) to determine the propriety of granting the petition for removal and the motions to dismiss. The trial court took judicial notice of the proceedings in Staats I. The trial court found the individual defendants, Smith and Robison, in privity with Uravan, Pioneer, and Nuclear. Lowell Staats Mining Co. v. Philadelphia Elec. Co., 651 F.Supp. 1364, 1367 (D.Colo.1987) (hereinafter Staats v. PEC ), and Order on the Motion for Reconsideration (finding Smith and Robison in privity with Nuclear). The trial court found the interests of Robison and Smith were at stake in Staats I and the directed verdict in that case barred the second suit against these individuals as agents of Uravan, Pioneer, and Nuclear. Id. The district court dismissed the claims against Robison and Smith and granted the removal petition. Id. Staats appeals, asserting the district court erred in applying res judicata and in granting the petition for removal.
 
 STAATS III
 
 7
 Following the district court's Order in Staats II dismissing defendants Smith and Robison, the remaining defendants, PEC, Umetco, Mesa, and Culver, filed motions to dismiss based on res judicata. The district court applied the doctrine of res judicata to defendants Nuclear and Pioneer sua sponte. The district court dismissed all of Staats' claims against these remaining defendants. Lowell Staats Mining Co. v. Philadelphia Elec. Co., 660 F.Supp. 809 (D.Colo.1987) (hereinafter Staats v. PEC II ). Staats appeals this dismissal.
 
 A. Standard of Review
 
 8
 The district court's dismissal of Staats' claims after consideration of matters outside of the pleadings is treated as a motion for summary judgment. Fed.R.Civ.P. 12(b)(6). In reviewing a summary judgment order, the appellate court applies the same standard employed by the trial court under Fed.R.Civ.P. 56(c).
 
 
 9
 When a motion for summary judgment is granted, it is the appellate court's duty to examine the record to determine if any genuine issues of material fact were in dispute; if not, the court must decide if the substantive law was correctly applied. During this review, the court must examine the record in the light most favorable to the party opposing the motion.
 
 
 10
 Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988) (citation omitted). The party resisting the motion may not rest on the bare allegations or denials of his pleadings. Rather he must produce some evidence showing a genuine issue for trial. Rea v. Wichita Mortg. Corp., 747 F.2d 567, 573 (10th Cir.1984).
 
 
 11
 As a general rule we apply federal law to the res judicata issue in successive diversity actions, but federal law will incorporate state law when the issue is more distinctly substantive, as with the concept of "privity". Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1333 (10th Cir.1988). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (citing Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)); St. Louis Baptist Temple v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1174 (10th Cir.1979). Stated differently, " 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) (quoting Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). We have adopted the transactional approach of the Restatement (Second) of Judgments Sec. 24 (1982) to determine what is a single "cause of action." Petromanagement, 835 F.2d at 1335. Section 24 states a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit. Id. at Sec. 24(2).
 
 
 12
 There is no definition of "privity" which can be automatically applied to all cases involving the doctrines of res judicata and collateral estoppel. Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same. St. Louis Baptist Temple, 605 F.2d at 1174. Privity has been held to exist in the following relationships: concurrent relationship to the same property right (i.e. trustee and beneficiary); successive relationship to the same property or right (i.e. seller and buyer); or representation of the interests of the same person. 1B J. Moore, J. Lucas, T. Currier, Moore's Federal Practice, p 0.411 at 392 (2d. ed. 1988).
 
 
 13
 Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision precludes relitigation of that fact or issue in a second suit on a different cause of action involving the same party or their privy. Montana v. United States, 440 U.S. at 153, 99 S.Ct. at 973 (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979)); St. Louis Baptist Temple, 605 F.2d at 1175.
 
 B. Appeal of Staats II
 
 14
 The district court dismissed Staats' claims of fraudulent conveyances against Robison and Smith, finding they were barred by res judicata because Robison and Smith were in privity with Uravan, Nuclear, and Pioneer, and the issue of fraudulent conveyances by these entities had been litigated in Staats I. Staats v. PEC, 651 F.Supp. at 1367-68. We agree with the district court's dismissal of Robison and Smith but affirm for different reasons.
 
 Robison
 
 15
 In this appeal, Staats asserts res judicata cannot apply to Robison's participation in fraudulent conveyances that occurred after the Staats I trial. We do not reach this issue, because these conveyances were not properly before the district court when it considered the motion to dismiss Robison. Staats contends that the complaint was sufficient to place at issue transfers that occurred in 1986 after the Staats I trial. We disagree. While we must review the record in a light most favorable to Staats, Osgood, 848 F.2d at 143, in resisting the motion for summary judgment, Staats cannot rest on the allegations of the complaint; rather it must produce some evidence showing a genuine issue for trial. Rea, 747 F.2d at 573. At the hearing on dismissal, Robison testified that he made no conveyances on behalf of Uravan after the Staats I trial. Staats presented no contradicting evidence regarding Robison's participation in conveyances after the Staats I trial. Staats presented no evidence at the hearing that Robison received any Uravan assets. Staats' complaint alone is insufficient to resist the motion for summary judgment. Staats failed to establish a factual question that Robison either participated in, or received fraudulent conveyances of Uravan assets.
 
 
 16
 Following the final judgment dismissing Robison, Staats filed an untimely motion for new trial under Fed.R.Civ.P. 59 with attached affidavits regarding Robison's alleged participation in fraudulent conveyances during the week after the Staats I trial. Based on Staats' allegations, the district court treated the motion for new trial as filed under Fed.R.Civ.P. 60(b)(2), newly discovered evidence, and Fed.R.Civ.P. 60(b)(3) fraud by an adverse party. The district court found that Staats failed to explain why this evidence was not discovered earlier and presented in a motion for new trial in Staats I or during the hearing to dismiss Robison in Staats II. The district court also found the record did not support a finding of fraud, misrepresentation or misconduct. We review the denial of a motion for new trial based on newly discovered evidence for abuse of discretion by the district court. Vanderwater v. Hatch, 835 F.2d 239, 244 (10th Cir.1987). Fed.R.Civ.P. 60(b)(2) defines newly discovered evidence as that "which by due diligence could not have been discovered in time to move for a new trial...." We do not find the district court abused its discretion in denying the motion for a new trial based upon Staats' claim of newly discovered evidence and fraud. Therefore, we do not consider Staats' newly discovered evidence in determining the propriety of the district court's ruling that Staats' claim against Robison is barred by res judicata.
 
 
 17
 Staats contends that res judicata cannot bar its claim against Robison because Robison was not a party to Staats I or in privity with the parties of that case. We agree that Robison was not a named party to Staats I. However, the district court found Robison was in privity with Uravan, Nuclear, and Pioneer in Staats I for purposes of the fraudulent conveyance claim against Robison in Staats II. Staats v. PEC, 651 F.Supp. at 1367. The "determination of identity between litigants for the purpose of establishing privity is a factual question, and the District Court should not be reversed unless its determination is clearly erroneous." Astron Indus. Assocs. v. Chrysler Motors Corp., 405 F.2d 958, 961 (5th Cir.1968); People v. Tynan, 701 P.2d 80, 83 (Colo.App.1984), cert. denied, (1985). Staats asserts that its claim is against Robison in his individual capacity and therefore Robison's employee/employer relationship with Uravan does not establish privity for the purpose of barring its claim, citing Morgan v. City of Rawlins, 792 F.2d 975, 980 (10th Cir.1986).
 
 
 18
 If Staats' claim against Robison is based on his individual receipt of fraudulent conveyances, we agree, under the reasoning of Morgan, that there is no privity upon which to base application of the doctrine of res judicata. However, we hold the district court could properly have entered summary judgment for Robison dismissing Staats' claim of fraudulent conveyances because Staats failed to present any evidence at the hearing that Robison had received any of the Uravan assets.
 
 
 19
 If Staats' claim against Robison is based on his participation in the conveyances of Uravan assets, then its claim against Robison is in his capacity as Uravan's agent.[1] A corporation acts through its officers, directors and agents. The district court was not clearly erroneous in finding Robison in privity with Uravan, Nuclear and Pioneer on the claim of participation in fraudulent conveyances. Litigation involving alleged fraudulent conveyances by a corporation would be res judicata in favor of such persons who conducted its affairs and determined its policies, if the plaintiff failed in an action against the corporation to prove the existence of the fraudulent conveyances. Cf. Nichols v. Alker, 126 F.Supp. 679, 682-83 (E.D.N.Y.1954) (claim of fraud and conspiracy against corporation barred later claim against officers, directors, and agents on same theory). In Staats I, Staats failed to prove that Uravan made fraudulent conveyances to Nuclear and Pioneer. Staats may not relitigate this issue by the simple expedient of naming Robison as a defendant in another action. We hold the district court properly applied the doctrine of res judicata to dismiss the fourth claim against Robison.
 
 
 20
 Staats contends that res judicata cannot apply to fraudulent conveyances that occurred after the 1982 complaint was filed in Staats I. This argument is specious. In 1985 Staats filed its third party complaint in Staats I alleging Uravan fraudulently conveyed assets to Pioneer and Nuclear. The same conveyances that formed the basis of Staats' claim in Staats I are the basis for Staats' claim against Robison in this case. There is no reason that Staats could not have included its claims against Robison in the third party complaint, especially where Robison's acts are part of the same transaction that was the basis of Staats' claims against Nuclear and Pioneer.
 
 
 21
 We affirm the dismissal of the fourth claim against Robison.
 
 Smith
 
 22
 Staats contends the district court erred in dismissing its claims that Smith participated in fraudulent conveyances by Uravan and Nuclear, asserting the complaint stated a cause of action and the action against Smith was not barred by res judicata. We disagree.
 
 
 23
 In the fourth claim against Smith, Staats alleged Uravan conveyed its assets to Nuclear, PEC, and Umetco without providing for payment of the Staats I judgment. Staats alleged that Smith personally aided and assisted in these conveyances. Complaint Fourth Claim. Staats alleged these conveyances were accomplished by a 1984 settlement agreement, Exhibit 39. In the sixth claim, Staats alleged Nuclear was dissolved in July 1986 and transferred its assets to Pioneer without providing for payment of the Staats I judgment. Staats alleged Smith was an officer or director at the time of these conveyances and he was personally liable for the Staats I judgment. Complaint Sixth Claim.
 
 
 24
 At the removal and dismissal hearing, Smith testified that he was a director of Uravan, Nuclear and Pioneer until April 30, 1984. Smith Affidavit. Staats presented no contradictory evidence at the hearing. Smith cannot be held responsible for corporate acts occurring after his term as a director ended. Blair v. Mueller, 299 F.2d 385, 388 (10th Cir.1962); Carpenter Paper Co. v. Noble, 140 Colo. 486, 345 P.2d 731, 732-33 (1959). Exhibit 39, which is the basis for the fourth claim, was signed on August 15, 1984 by Culver as the president of Nuclear and Uravan three months after Smith resigned as director. Nuclear was dissolved and its assets transferred to Pioneer, which is the basis for the sixth claim, in July 1986, two years after Smith resigned. The district court properly dismissed these claims against Smith on the motion for summary judgment, because Staats failed to establish any factual basis for Smith's liability.
 
 
 25
 Staats also asserts Smith is liable for the negligent conduct of Nuclear affairs before his retirement as a director. Under Colorado law a director's liability for negligent distribution of assets runs only to the corporation itself. Colo.Rev.Stat. Sec. 75-114(3) (1973). Rosebud Corp. v. Boggio, 39 Colo.App. 84, 561 P.2d 367, 372 (1977). A creditor of a corporation may sue a director on the corporation's behalf, if the creditor establishes that it will not benefit at the expense of other creditors similarly situated. Ficor, Inc. v. McHugh, 639 P.2d 385, 393-94 (Colo.1982). Staats has failed to allege it will not benefit at the expense of similarly situated creditors, which is necessary to bring Staats' claim within the narrow exception created by Ficor. Delgado Oil Co. v. Torres, 785 F.2d 857, 861 n. 10 (10th Cir.1986).
 
 
 26
 Even if Staats could present facts that it will not benefit at the expense of other similarly situated creditors of Nuclear, this claim would be barred by res judicata as a theory which could have been raised by Staats against Nuclear or its privies in the Staats I case. The district court found that Smith, in his capacity as a director, was in privity with Nuclear. Staats v. PEC, 651 F.Supp. at 1367; Order. We do not find this factual determination clearly erroneous. Astron Industrial, 405 F.2d at 961 (privity is a factual determination); Tynan, 701 P.2d at 83 (same); Fed.R.Civ.P. 52(a) (factual findings reviewed under clearly erroneous standard). A director's close relationship with the corporation will generally establish privity. See Oglala Sioux Tribe v. Homestake Min. Co., 722 F.2d 1407, 1410 n. 3 (8th Cir.1983) (citing Towle v. Boeing Airplane Co., 364 F.2d 590, 592-93 (8th Cir.1966)). Staats has failed to demonstrate that the district court's finding of privity is clearly erroneous. If Smith is in privity with Nuclear, then res judicata bars claims against Smith which could have been raised in the Staats I litigation against Nuclear.
 
 
 27
 Staats contends that Smith is individually liable for his negligent distribution of Nuclear assets and therefore privity does not apply for purposes of res judicata, citing Morgan, 792 F.2d at 980. We find Staats' argument unpersuasive. Individual liability for negligent distribution of corporate assets is created by statute, Colo.Rev.Stat. Sec. 7-5-114(1)(c) (1986 Repl.Vol.) (director liability for distribution of assets during liquidation attaches when director votes for or assents to a corporate act), and attaches only to directors acting in their official capacity. Ficor, 639 P.2d at 393. Staats has failed to allege any other basis of common law liability against Smith. Rosebud, 561 P.2d at 372; see also B & K Distributing, Inc. v. Drake Building Corp., 654 P.2d 324, 325-26 (Colo.App.1982) (corporate officer individually liable for his fraudulent misrepresentations of corporation's financial status). We hold the district court properly dismissed the fourth and sixth claims against Smith because Staats failed to state a claim against Smith in his individual capacity and all claims against him in his capacity as a director are barred by res judicata.
 
 Removal
 
 28
 Having determined that the district court properly dismissed the claims against Robison and Smith, we find the district court was warranted in granting the petition to remove the case to the federal district court, for substantially the same reasons stated in the district court's opinion in Staats v. PEC, 651 F.Supp. 1364. We affirm the district court's decision in Staats II.
 
 C. Staats III
 Nuclear, Pioneer, and Mesa
 
 29
 We have considered the briefs of the parties, the record on appeal, and the oral arguments of counsel. We affirm the district court's dismissal of Nuclear, Pioneer, and Mesa for substantially the same reasons set forth in the district court's opinion in Staats v. PEC II, 660 F.Supp. at 811-16.
 
 Culver
 
 30
 The district court dismissed Culver from Staats' fourth claim, participation in fraudulent conveyances by Uravan, and sixth claim, participation in fraudulent conveyances by Nuclear, finding the decision in Staats I barred these claims under res judicata. Staats asserts it is suing Culver in his individual capacity and therefore Culver is not in privity with Uravan, Nuclear, or Pioneer for purposes of res judicata, citing Morgan, 792 F.2d at 980. We disagree.
 
 
 31
 In an affidavit attached to his motion to dismiss, Culver asserted that he participated in these conveyances in his capacity as an officer and director of Uravan, Nuclear, and Pioneer. Culver Affidavit. This assertion was uncontroverted by Staats. A director's close relationship with the corporation will generally establish privity. Oglala Sioux Tribe, 722 F.2d at 1410 n. 3. Based on this record we find Staats failed to present a material issue of fact that it was suing Culver in his individual capacity. We do not find the district court's determination that Culver was in privity with Uravan, Nuclear, and Pioneer to be clearly erroneous.
 
 
 32
 The issue of fraudulent conveyances from Uravan to Nuclear and Culver's participation therein, the basis of Staats' fourth claim, were litigated in Staats I. Culver's role in Uravan's conveyances was specifically brought to the district court's attention during the hearing on the motion for directed verdict. In Staats I the district court granted the motions for directed verdict of Nuclear and Pioneer, and dismissed the third party complaint. Implicit in this dismissal is the district court's finding that Uravan made no fraudulent conveyances to Nuclear or Pioneer. Staats' fourth claim against Culver is barred by res judicata as a cause of action that could have been raised in Staats I against Culver as a privy to Nuclear and Pioneer.
 
 
 33
 Staats' sixth claim alleges Culver is liable as an officer or director for distributing Nuclear's and Pioneer's assets without providing for payment of the Staats I judgment. Culver's liability for this claim is contingent upon Staats proving Nuclear and Pioneer are liable for the Staats I judgment. The district court's dismissal in Staats II of all claims against Nuclear, Pioneer, and Mesa as barred by res judicata prevents Staats from proving the liability of Nuclear and Pioneer under a different theory. Culver is in privity with Nuclear and Pioneer as their director and officer. Res judicata bars any claims that could have been brought against Nuclear and Pioneer or its privies. We affirm the district court's dismissal of both the fourth and sixth claims against Culver.
 
 Philadelphia Electric Company
 
 34
 Staats alleged PEC was liable for the Staats I judgment, based on the theories of partnership or joint venture, receipt of a bulk transfer, receipt of partnership assets, and receipt of fraudulent conveyances. The district court dismissed three of these claims as barred by res judicata and then dismissed the bulk transfer claim as barred by the statute of limitations.
 
 
 35
 On the first and third claims based on partnership liability, Staats contends that res judicata cannot bar its later suit against the individual partners for the joint liability of the Staats I judgment. Under res judicata a final judgment on the merits bars later claims against parties or their privies on the same cause of action. Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). Staats concedes a final judgment on the merits was entered in Staats I on Uravan's breach of the mining contract with Staats. Complaint p 1.6. Staats claims PEC is obligated to pay the entire judgment as a partnership obligation. Complaint p 1.10. PEC was not a named party to Staats I. The district court found PEC was in privity with Uravan because Staats sought to impose liability on PEC, as a partner of Uravan, for the partnership debt of the Staats I judgment. Staats III, 660 F.Supp. at 816 n. 9. Staats has failed to show that the district court's finding of privity is clearly erroneous. Astron Industrial Assoc., 405 F.2d at 961; Tynan, 701 P.2d at 83.
 
 
 36
 Staats' partnership claims against PEC clearly arise out of the same "transaction" that was the basis of the litigation in Staats I. In Colorado partners are jointly and severally liable for joint debts of the partnership. Colo.Rev.Stat. Sec. 7-60-115(1)(a) (1986 Repl.Vol.). We acknowledge that as a general rule a judgment in favor of an injured person against one partner will neither bind the personal assets of, or preclude a suit against, another partner who did not control or participate in the action, or was not given notice of an opportunity to defend the action. Restatement (Second) of Judgments Sec. 60(b) (1982); see also Colo.R.Civ.P. 106(a)(5). Staats really does not dispute this but rather argues that by suing one defendant in Staats I, without alleging a partnership, he still retains his right to sue other alleged partners in a second, independent action. The cases relied upon by Staats, however, presuppose the alleged debt was identified in the first action as a partnership obligation. See, e.g., Dayco Corp. v. Fred T. Roberts & Co., 192 Conn. 497, 472 A.2d 780 (1984); Griffin v. McBrayer, 252 N.C. 54, 112 S.E.2d 748 (1960); Faricy v. J.S. Brown Mercantile Co., 87 Colo. 427, 288 P. 639 (1930); see also Colo.R.Civ.P. 106(a)(5) (denying the later-sued party the defense of the statute of limitations on the original liability).
 
 
 37
 As the district court found, Staats knew of the alleged partnership relation significantly before trial and with enough time to add PEC as a party or at least to identify the claim as one against an apparent partnership. This is not a case like First Nat'l Bank v. Newton, 10 Colo. 161, 14 P. 428 (1887), in which existence of the partnership was concealed during litigation. With knowledge of the alleged partnership, Staats proceeded in Staats I to treat this as an individual obligation of Uravan for breach of mining contract and obtained judgment on that basis. The case most closely analogous to the situation before us is a Colorado case, Fedderson v. Goode, 112 Colo. 38, 145 P.2d 981, 986 (1944). There the plaintiff had brought suit against one person for the whole of an alleged debt, and settled without mentioning any partner of the defendant. Thereafter the plaintiff sought to sue the alleged partner of the first defendant on the same debt. The court denied relief, stating "[i]f action be brought against a single defendant for the entire claim and the evidence discloses his sole liability, or the litigation be settled on that basis, suit cannot thereafter be sustained against another on the theory of his joint liability." Id. 145 P.2d at 986. Consistent with this analysis and what we believe to be Colorado law, we affirm the district court's dismissal of Staats' first and third claims against PEC.
 
 
 38
 The district court dismissed Staats' second claim against PEC, receipt of a bulk transfer without notice to creditors, as barred by the statute of limitations. Staats asserts the statute of limitations is not available to PEC, because Staats is seeking to impose liability upon PEC as a joint obligor under Colo.R.Civ.P. 106(a)(5) (1988 Supp.), which provides the statute of limitations is not a defense available to a joint obligor sued under this rule. Having determined that Staats is barred from proving PEC is jointly and severally liable for the Staats I judgment, we find the provisions of Colo.R.Civ.P. 106(a)(5) do not apply to preclude PEC's assertion of the statute of limitations. We affirm the district court's dismissal of the second claim against PEC as being barred by the applicable statute of limitations.
 
 
 39
 Staats' fourth claim against PEC is based on its alleged receipt of fraudulent conveyances from Uravan pursuant to a 1984 settlement agreement, Exhibit 39. The district court dismissed this claim as barred by res judicata. The district court reasoned that the fraudulent conveyance claim was based on Exhibit 39. This exhibit was introduced in Staats I. The district court found that any issues arising out of Exhibit 39 could have been litigated in the first suit.
 
 
 40
 Staats contends that the adjudication of Uravan's fraudulent conveyances to Nuclear and Pioneer is a separate and distinct transaction which cannot have a res judicata effect on Uravan's fraudulent conveyances to PEC. We agree that res judicata is not available to bar Staats' claim of fraudulent conveyances against PEC, but affirm the district court's dismissal on the basis of collateral estoppel.
 
 
 41
 Res judicata is applicable only to parties to the first suit or their privies. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). PEC was not a party to the first suit nor is PEC a privy to Uravan, Nuclear, or Pioneer. Privity may exist if parties have a successive relationship to the same property. See e.g., St. Louis Baptist Temple v. Federal Deposit Ins. Corp, 605 F.2d 1169, 1175 (10th Cir.1979). The assets which Uravan allegedly conveyed to PEC are not the same assets which Staats challenged as fraudulently conveyed to Nuclear and Pioneer in Staats I. PEC cannot claim privity as a successor to the interests of Nuclear and Pioneer. Privity may also be established if a party to the first suit represented the interests of the party to the second suit. See e.g., Montana v. United States, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). It does not appear from our review of the record, that PEC's interests were represented by Uravan, Nuclear or Pioneer in Staats I. We find the district court improperly applied res judicata to dismiss Staats' claim of fraudulent conveyances against PEC.
 
 
 42
 Even though PEC cannot claim the protection of res judicata, it may still assert collateral estoppel against Staats on those factual issues determined in Staats I that are applicable to the claim of fraudulent conveyances in this second suit. Defensive collateral estoppel occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979).
 
 
 43
 Staats' fraudulent conveyance claim against PEC is based on the transfer of assets accomplished in the 1984 settlement agreement, Exhibit 39, introduced in both the Staats I and Staats II. In Staats I the attorney for Pioneer and Nuclear urged the court to consider Exhibit 39 as showing the agreement was "not entered into to defeat any claim of [Staats]. It was entered into to fulfill a binding legal commitment by Pioneer Uravan, Inc. to Philadelphia Electric [PEC] made in 1978." Alternately, Staats' attorney characterized the agreement as showing Nuclear's control over Uravan affairs, stating: "Clearly, ... Nuclear has assumed or acknowledged its responsibility in this lawsuit by that document."In Staats I, at the close of Staats' case-in-chief the district court granted directed verdicts for Nuclear and Pioneer, and dismissed Staats' third party complaint against them without making specific findings. Implicit in the district court's dismissal of Staats' claims against Nuclear and Pioneer, is a finding that Exhibit 39 was an agreement entered into to fulfill a binding legal commitment by Uravan to PEC. This implicit finding collaterally estops Staats from proving the conveyances in Exhibit 39 are fraudulent as to PEC. We affirm the district court dismissal the fourth claim of fraudulent conveyances against PEC on the basis of collateral estoppel. "A trial court's granting of a motion for summary judgment may be affirmed if any proper grounds exist to support the ruling." Koch v. City of Hutchinson, 814 F.2d 1489, 1493 (10th Cir.1987).
 
 Umetco Minerals Corporation
 
 44
 Staats contends the district court erred in dismissing its fourth and eighth claims against Umetco as barred by res judicata. Staats' fourth claim alleges Umetco is liable for the Staats I judgment because it received fraudulent conveyances from Uravan pursuant to the 1984 settlement agreement, Exhibit 39. Staats' eighth claim alleges Umetco was responsible as a partner for the partnership debt of the Staats I judgment.
 
 
 45
 Staats' fourth claim against Umetco for receipt of fraudulent conveyances is not barred by res judicata because Umetco was not a party or privy in Staats I. See discussion of PEC's liability for fraudulent conveyances, at pp. 1280-1281. However, we affirm the district court's dismissal of Staats' fourth claim against Umetco for fraudulent conveyances on the basis of collateral estoppel. See Koch, 814 F.2d at 1493 (summary judgment may be affirmed on different grounds). Staats' claim of fraudulent conveyances against Umetco is based on transfers of Uravan assets by the 1984 settlement agreement, Exhibit 39. Implicit in the district court's granting of a directed verdict to Nuclear and Pioneer in Staats I, is a finding that Exhibit 39 was an agreement entered into to fulfill a binding legal commitment of Uravan. This implicit finding collaterally estops Staats from proving the conveyances in Exhibit 39 are fraudulent as to Umetco.
 
 
 46
 On Staats' eighth claim that Umetco is liable for the Staats I judgment as a partner of Uravan we find, consistent with our discussion of Staats' partnership claims against PEC, that Staats is precluded from proving the Staats I judgment is a partnership debt. At p. 1279. We affirm the district court's dismissal of Staats' eighth claim against Umetco.
 
 
 47
 We AFFIRM the district court's opinions in Staats v. PEC, 651 F.Supp. 1364 (D.Colo.1987) and Staats v. PEC II, 660 F.Supp. 809 (D.Colo.1987).
 
 
 
 [1]
 We do not agree with the district court's finding that Staats has stated a claim for relief in alleging "Robison through [his] own personal acts and omissions, aided and assisted in conveyances designed to or resulting in delay, hindrance, and fraud relative to Staats' ability to collect the Staats' judgment." Complaint at p 4.12. "[C]ourts have generally held as to fraudulent conveyances that a person who assists another to procure one, is not liable in tort to the insolvent's creditors." Duell v. Brewer, 92 F.2d 59, 61 (2d Cir.1937) (citing Adler v. Fenton, 65 U.S. (24 How.) 407, 412, 16 L.Ed. 696 (1860))