**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ABDULLAHI HAMU JARA,

    Plaintiff - Appellant,

v.

STANDARD PARKING;
UNION TEAMSTER LOCAL 455,

    Defendants - Appellees.

No. 17-1015
(D.C. No. 1:15-CV-02018-MSK-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

    Abdullahi Jara, proceeding pro se, appeals the district court's order dismissing his employment-discrimination action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

    Jara is an African-American Muslim of the Oromo ethnicity from Ethiopia. He worked for Standard Parking ("Standard") as a cashier and was a member of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Teamsters Local Union No. 455 (the "Union"). He alleged that Standard underpaid him, did not allow him to work overtime, disciplined him, and terminated his employment due to his race, ethnicity, national origin, and religion. He further alleged that Standard retaliated against him for complaining of discrimination. He filed several grievances with the Union that were not resolved in his favor, which he also alleged was due to his race, ethnicity, national origin, and religion.

In 2012, Jara complained to Standard's human resources department that he was not being paid what company policy required. But Standard did not increase his pay and instead warned him to stop complaining to human resources. He believed he was entitled to work overtime, and in March and June 2013, requested overtime work. His supervisor at the time, who is also Ethiopian, denied his requests and gave the overtime shifts to other employees. Although Jara filed grievances with Standard's human resources department and the Union, neither pursued his grievances.

Jara was disciplined for sleeping on the job, not being at his work station, and refusing an order. He again filed grievances with the Union, but the Union did not pursue them. Jara complained that the Union representative should be replaced for not doing his job. The Union did not replace him, and Jara believed the representative refused to process his grievances in retaliation for complaining.

On May 18, 2014, another of Jara's supervisors, who is from Ghana, told Jara to close out his work station. Jara believed doing so would violate company policy and therefore took $200 from the work station while he assisted a customer. The

money fell from his pocket into the customer's car. Although the customer returned the money, Standard terminated Jara's employment on May 27, 2014, for failing to follow the supervisor's orders. Jara filed a grievance with the Union, which the Union withdrew on October 2, 2014. He later filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against both Standard and the Union. The EEOC did not process the discrimination charges because they were untimely.

On September 15, 2015, Jara sued Standard and the Union alleging they discriminated and retaliated against him on the basis of race, in violation of 42 U.S.C. § 1981 and Title VII, 42 U.S.C. §§ 2000e-2 & 2000e-3(a). After reviewing de novo the recommendation of a magistrate judge, see 28 U.S.C. § 636(b)(1), the district court adopted the recommendation and dismissed the action for failure to state a claim.

## II

We review de novo the district court's dismissal under Rule 12(b)(6). Nixon v. City & Cty. of Denver, 784 F.3d 1364, 1368 (10th Cir. 2015). "We accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to [Jara]." Id. (quotation and ellipses omitted). We will affirm the dismissal if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).

3

We liberally construe Jara's pro se filings. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Id.

**A**

Standard and the Union contend that Jara failed to satisfy a condition precedent to bringing a Title VII claim—filing a timely charge with the EEOC. See Gad v. Kan. State Univ., 787 F.3d 1032, 1041 (10th Cir. 2015). "Title VII requires a plaintiff to file a charge of discrimination within 300 days of the alleged discriminatory act." Tademy v. Union Pac. Corp., 614 F.3d 1132, 1150 (10th Cir. 2008). The plaintiff bears the burden of demonstrating timeliness. Gad, 787 F.3d at 1041.

Jara has conceded that he failed to file a timely discrimination charge with the EEOC. He argues that the deadline should have been equitably tolled because he was unaware of it. This is insufficient to warrant equitable tolling because Jara does not claim he was "deceived, lulled into inaction, actively misled, or has in some extraordinary way been prevented from asserting his . . . rights." Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1168 n.13 (10th Cir. 2007) (quotation omitted).[1] Accordingly, we affirm the dismissal of Jara's Title VII claim.

---

[1] On appeal, Jara suggests for the first time that the EEOC misled him. He has not indicated where he raised this claim to the district court, and our review of the second amended complaint did not reveal such a claim. Therefore, we do not consider it. See Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.,

4

**B**

Section 1981 prohibits discrimination and retaliation based on race.  See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2529 (2013).  To establish a prima facie case of § 1981 discrimination, Jara was required to demonstrate:  (1) he is a member of a protected class; (2) Standard and the Union "had the intent to discriminate on the basis of race"; and (3) the alleged "discrimination interfered with a protected activity as defined in § 1981."  Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001).

Jara has adequately alleged that he is a member of a protected class.  He has not, however, pointed to any factual allegations in the second amended complaint that Standard's disciplinary actions and termination of his employment were based on race or that the Union's treatment of his grievances was based on race.  He alleged only that he believed all adverse actions were race-based, but provided no additional evidence, "such as actions or remarks made by decisionmakers, preferential treatment given to employees outside the protected class, or more generally, . . . the timing or sequence of events leading to [his] termination," Barlow v. C.R. England, Inc., 703 F.3d 497, 505 (10th Cir. 2012) (discussing ways a plaintiff can establish he was terminated "under circumstances giving rise to an inference of discrimination" (quotation omitted)).

---

413 F.3d 1163, 1167 (10th Cir. 2005) (holding that arguments not raised in the district court are waived on appeal).

To establish a prima facie case of § 1981 retaliation, Jara was required to show: (1) he engaged in protected opposition to discrimination; (2) a reasonable employee would have found the challenged action materially adverse; and (3) there is a causal connection between the opposition and the adverse action. Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 998 (10th Cir. 2011). Jara's retaliation claim fails on the first element. He has alleged no facts to support a claim that his complaints and grievances were in opposition to discrimination.[2]

## C

Considering Jara's pro se status, the district court evaluated his second amended complaint to determine whether it stated a claim that did not require a showing of discrimination based on race, ethnicity, or religion. The court identified a possible hybrid § 301/duty-of-fair-representation claim. Jara has not objected to this characterization.

A hybrid § 301/duty-of-fair-representation claim arises when a union "acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation, [that] an employee may bring suit against both the

_____

[2] For the first time on appeal, Jara contends that four other employees who are not members of a protected class were treated more favorably and that he was subjected to a hostile work environment. Jara has not identified where he raised these arguments, see 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."), and we do not see where they were raised. Jara alleged only that other employees were treated "fairly," but did not allege that any favorable or unfavorable treatment was related to race. Furthermore, his second amended complaint included the phrase "hostile environment" but provided no facts to support such a claim. Accordingly, we will not consider these arguments. See Rosewood Servs., Inc., 413 F.3d at 1167.

6

employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." Webb v. ABF Freight Sys., Inc., 155 F.3d 1230, 1238 (10th Cir. 1998) (quotation and alterations omitted). Such a claim is a hybrid action under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, "because it combines two conceptually independent causes of action." Webb, 155 F.3d at 1238. To prevail on a hybrid cause of action, the discharged employee must establish the following three elements: "(1) Some conduct by the worker's union that breached the duty of fair representation; (2) A causal connection showing that the union's breach affected the integrity of the arbitration process, and; (3) A violation of the collective bargaining agreement by the company." Id. at 1239.

The second amended complaint alleged that the Union withdrew various grievances Jara filed, but alleged no facts to suggest that the Union acted in "such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." Id. at 1238. Similarly, the second amended complaint asserted only that Standard violated various provisions of the collective bargaining agreement, but provided no facts to support these allegations. These general, conclusory allegations are insufficient to state a claim. See Mocek v. City of Albuquerque, 813 F.3d 912, 921 (10th Cir. 2015).

**III**

Jara contends that the adverse rulings by the magistrate judge and the district judge demonstrated bias and collusion. But Jara's complaints are limited to adverse

7

rulings, and "[a]dverse rulings alone do not demonstrate judicial bias." Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010).

Next, Jara argues that the district court should have granted his request for appointment of counsel. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). The district court did not abuse its discretion because Jara has not demonstrated that the denial of counsel "result[ed] in fundamental unfairness." Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (quotation omitted).

Jara also asserts error as follows: (1) the district court dismissed the case before discovery was completed and the defendants were required to testify; (2) counsel for Standard and the Union failed to confer with him before filing the motions to dismiss, in violation of a local court rule; and (3) the defendants never filed an answer to his second amended complaint. Jara has not explained how discovery or conferring with counsel would have cured the deficiencies in his second amended complaint. And Rule 12(b) provides that "a motion asserting [the defense of failure to state a claim] must be made before pleading if a responsive pleading is allowed."

Jara states, without supporting argument or explanation, that his constitutional rights under the Second, Fourth, Fifth, Tenth, Eleventh, and Fourteenth Amendments were violated. He did not raise these claims in his second amended complaint, nor did he raise a "negligent written contract issue," and thus we do not address them. See Rosewood Servs., Inc., 413 F.3d at 1167. He also invokes the Seventh

8

Amendment, claiming he was entitled to a jury trial, but this right was foreclosed by dismissal under Rule 12(b)(6). Finally, to the extent Jara challenges the order taxing costs against him, he has offered no basis on which to reverse the order.

## IV

We **AFFIRM** the judgment of the district court. Jara's second motion for appointment of counsel on appeal is **DENIED**. We **GRANT** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge