**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CITY OF EUDORA, KANSAS,

     Plaintiff - Appellee,

v.

RURAL WATER DISTRICT NO. 4,
DOUGLAS COUNTY, KANSAS,

     Defendant - Appellant.

No. 16-3319

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 2:14-CV-02399-JAR)**
_____

Steven M. Harris, Doyle Harris Davis & Haughey, Tulsa, Oklahoma (Michael D. Davis and S. Max Harris, Doyle Harris Davis & Haughey, Tulsa, Oklahoma; and John W. Nitcher, Riling Burkhead & Nitcher, Lawrence, Kansas, with him on the briefs), appearing for Appellant.

Curtis L. Tideman (Mark A. Samsel, with him on the brief), Lathrop & Gage LLP, Overland Park, Kansas, appearing for Appellee.

_____

Before **BRISCOE**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

**BRISCOE**, Circuit Judge.
_____

Defendant Rural Water District No. 4, Douglas County, Kansas ("Douglas-4") appeals the district court's order granting summary judgment in favor of Plaintiff City of Eudora, Kansas ("Eudora") in this declaratory judgment action. This is the third appeal arising out of a dispute between Douglas-4 and Eudora over which entity can provide water service to certain areas near Eudora, Kansas (the "Service Area"). *See Rural Water Dist. No. 4, Douglas Cty. v. City of Eudora* (*Eudora II*), 720 F.3d 1269 (10th Cir. 2013); *Rural Water Dist. No. 4, Douglas Cty. v. City of Eudora* (*Eudora I*), 659 F.3d 969 (10th Cir. 2011). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

In 2002, Douglas-4 was the water service provider for the Service Area, but was running low on water. Douglas-4 decided to purchase water from an adjacent rural water district, "Johnson-6." The project required laying new pipes and building additional pumping stations at an estimated cost of $1.25 million. To finance the project, Douglas-4 received initial approval for a $1.25 million loan from the Kansas Department of Health and Environment (KDHE) with a fixed rate and twenty-year term.

That same year, Eudora annexed the Service Area. The annexation positioned Eudora to potentially assume Douglas-4's water customers pursuant to Kan. Stat.

Ann. (K.S.A.) § 12-527 (1987), a Kansas statute that permits municipalities to replace a rural water district as the water service provider.[1]

Understanding that it was facing a potential loss of customers, Douglas-4's governing board reduced its KDHE loan to $1 million and sought the remaining $250,000 from a private, USDA-guaranteed loan. Douglas-4 believed that such a loan would come with federal protection under 7 U.S.C. § 1926(b), which prevented municipalities from assuming water customers while a USDA-guaranteed loan was in repayment. Douglas-4 eventually secured a USDA-guaranteed loan for $250,000 from First State Bank & Trust and proceeded with the Johnson-6 project. Both the KDHE loan and the USDA-guaranteed loan had twenty-year repayment terms, beginning in 2004 and ending in 2024.

Between 2004 and 2007, Douglas-4 and Eudora entered into negotiations in an attempt to resolve the disputed Service Area, but the discussions were not successful. In September 2007, Eudora moved to enforce its rights under K.S.A. § 12-527 to replace Douglas-4 as the water service provider for the Service Area.

*Eudora I*

On September 27, 2007, Douglas-4 filed suit in the United States District Court for the District of Kansas to prevent Eudora from taking its water customers in

---

[1] K.S.A. § 12-527, the statute cited repeatedly in the parties' briefs, was repealed in 2010 and replaced by K.S.A. § 12-540 *et seq. See* Kan. Sess. Laws ch. 15, House Bill No. 2283 (Mar. 24, 2010). As we previously observed in *Eudora I*, the enactment of K.S.A. § 12-540 *et seq.* was not substantive; it only clarified ambiguities in K.S.A. § 12-527. 659 F.3d at 984 n.8. The parties do not suggest otherwise. Regardless, because we do not reach the merits of Douglas-4's argument, we also need not decide what prospective effect, if any, K.S.A. § 12-540 *et seq.* has.

3

the Service Area. Douglas-4 argued that 7 U.S.C. § 1926(b) provided protection to rural water districts like Douglas-4, and K.S.A. § 82a-619(g) gave Douglas-4 the authority to accept such protection.

At the time, § 82a-619(g) had two clauses. The first clause allowed Douglas-4 to "cooperate with and enter into agreements with the secretary of the United States department of agriculture or the secretary's duly authorized representative necessary to carry out the purposes of its organization," and the second clause allowed Douglas-4 "to accept financial or other aid which the secretary of the United States department of agriculture is empowered to give pursuant to 16 U.S.C.A., secs. 590r, 590s, 590x-1, 590x-a and 590x-3, and amendments thereto." K.S.A. § 82a-619(g) (1997).

After a ten-day trial, the district court directed the jury to determine "whether the *loan* guaranteed by [the] Federal Government was necessary." *Eudora I*, 659 F.3d at 977 (quoting the record) (alteration in original). The jury returned a special verdict in favor of Douglas-4, concluding the loan guaranteed by the federal government was necessary, and Eudora appealed.

In *Eudora I*, we distinguished the private bank's *loan* from the federal government's *guarantee* of that loan, and held that:

> [E]ven if the parties would agree that the loan was necessary to carry out the purposes of Douglas-4's organization, Douglas-4 must also prove that its *cooperation with the USDA*—i.e., the guarantee—was also necessary. The jury was not asked to consider this question. This error alone entitles Eudora to a new trial on this one issue.

4

*Id.* at 978. Although this holding was premised on the first clause of § 82a-619(g), we also noted that the second clause of § 82a-619(g) refers to financial aid provided under "enumerated statutes, first enacted in 1937, [that] were repealed by the Consolidated Farmers Home Administration Act of 1961 and are of no use to Douglas-4." *Id.* at 977 n.5; *see* § 82a-619(g) (1997 & Supp. 2002) (listing "16 U.S.C.A., secs. 590r, 590s, 590x-1, 590x-a and 590x-3, and amendments thereto").

*Eudora II*

On remand, the district court had new cross-motions for summary judgment under advisement when the Kansas legislature amended § 82a-619(g) to replace the repealed federal statutes with "7 U.S.C. § 1921 et seq.," which includes § 1926(b). *Eudora II*, 720 F.3d at 1274–75. Douglas-4 argued that the amendment was retroactive and applied to its USDA-guaranteed loan. In effect, this would have allowed Douglas-4 to avoid the "necessary" language in the first clause of § 82a-619(g), and instead rely on the newly amended second clause that omitted any "necessary" requirement. The district court rejected this argument, holding the amendment was not retroactive, and Douglas-4 appealed.

We agreed with the district court. Applying Kansas law, we held that the amendment was "substantive," precluding retroactivity. *Id.* at 1277. Thus, Douglas-4 was still "constrained by the requirement that the USDA guarantee be 'necessary to carry out the purposes of its organization.'" *Id.* (quoting § 82a-619(g)). And although the district court did not certify the merits of the "necessary" question to us, we reached that question as well. Because "no reasonable jury could find in favor of

5

Douglas-4 on the 'necessary' question," we held that "Eudora therefore deserves summary judgment." *Id.* at 1281.

On July 1, 2013, we issued our opinion in *Eudora II*. We denied rehearing and rehearing en banc, and on August 5, 2013, issued our mandate.[2] On August 16, 2013, Douglas-4 filed a "Motion to Delay Entry of *Order of Final Judgment*," requesting that the district court "refrain from entering a final order in this case until after September 10, 2013," because its "Board meets again on September 10, 2013." Aplt. App. at 364–66. The district court rejected Douglas-4's request, and on September 5, 2013, entered an Order of Final Judgment on Remand.

*The Reaffirmation*

Unbeknownst to Eudora, the district court, or this court, Douglas-4 was concurrently pursuing a separate strategy to obtain § 1926(b) protection for its USDA-guaranteed loan. On July 9, 2013, two months before the district court's final order, Douglas-4's governing board held a meeting where it unanimously approved the following resolution:

> In light of the change to K.S.A. 82a-619(g) passed in 2012 by the Kansas Legislature, and the recent decision of the Tenth Circuit announced on July 1, 2013, the Board of Directors for [Douglas-4] do hereby re-adopt, ratify, re-affirm and re-authorize all documents, contracts, motions, resolutions, representations, certifications, cooperation given and/or granted, and the receipt of all financial aid in the form of a guarantee or other aid from the [USDA], relative to the loan transaction made and entered into by and between [Douglas-4] and the First State Bank &

---

[2] Douglas-4 filed a petition for certiorari on October 18, 2013, which the Supreme Court denied on January 21, 2014. *See Rural Water Dist. No. 4, Douglas Cty. v. City of Eudora*, 134 S. Ct. 1002, 1002 (2014).

> Trust, to finance a part of the improvement of and addition to [the Johnson-6 project], and, further, to direct [its attorney] to notify the USDA and First State Bank & Trust that [Douglas-4] desires and requests that the USDA and First State Bank & Trust re-adopt, ratify, re-affirm, and reauthorize all documents, contracts, motions, resolutions, representations, certifications, cooperation given and/or granted, and the receipt of all financial aid in the form of a guarantee or other aid from the [USDA], relative to the loan transaction made and entered into by and between [Douglas-4] and First State Bank & Trust, to finance [the Johnson-6 project].

*Id.* at 412–13.

On July 30, 2013, the USDA sent the following correspondence to First State Bank & Trust:

> As of the date of this letter, USDA, Rural Development reaffirms its loan guarantee as executed via loan note guarantee dated June 15, 2004. A copy of the loan guarantee is attached for your convenience.

*Id.* at 414. And on June 18, 2014, First State Bank & Trust responded, stating that it too "reaffirms, re-authorizes and ratifies" the loan guarantee. *Id.* at 419.

*The Present Litigation*

Eudora and Douglas-4 representatives held a meeting on April 3, 2014, where Eudora expressed its desire to provide water services to customers in the Service Area. Douglas-4's governing board responded by letter on April 29, 2014. In the letter, Douglas-4 revealed that Douglas-4 and the USDA had reaffirmed their guarantee, and claimed that the reaffirmation entitled Douglas-4 to federal protection under § 1926(b) through the 2012 amendment to K.S.A. § 82a-619(g). Eudora responded on July 3, 2014, seeking to clarify Douglas-4's newly reasserted legal

7

basis for its federal protection, and Douglas-4 replied on July 14, 2014, repeating that the reaffirmation brought the loan guarantee under the 2012 amendment, notwithstanding *Eudora II*.

On August 13, 2014, Eudora filed the present declaratory judgment action, seeking a declaration that Eudora can initiate the procedures in K.S.A. § 12-527 to provide water service to the Service Area without fear that Eudora would be violating Douglas-4's rights under § 1926(b). The parties filed cross-motions for summary judgment.

On September 29, 2016, the district court issued a Memorandum and Order and, on October 3, 2016, an accompanying final Judgment. *Id.* at 1483-532. The district court denied Eudora's res judicata argument, but granted summary judgment in Eudora's favor after reaching the merits and finding that Douglas-4 did not "accept financial or other aid," K.S.A. § 82a-619(g), because: (1) Douglas-4 "reaffirmed" the guarantee, but never "accepted" anything from the USDA; and (2) the reaffirmation was, at most, "cooperation" under § 82a-619(g)'s first clause, rather than "financial or other aid" in the second clause, and Douglas-4 still failed the "necessary" requirement of the first clause, as decided in *Eudora II*. Aplt. App. at 1514–18.

## II.

Douglas-4 now appeals, arguing (1) Eudora's action is barred by res judicata, (2) Eudora's action is barred by the rule against claim-splitting, and (3) Douglas-4's reaffirmation of the USDA-guaranteed loan satisfies K.S.A. § 82a-619(g), entitling Douglas-4 to federal protection under 7 U.S.C. § 1926(b).

8

We "review a district court's grant of summary judgment de novo, applying the same legal standard as the district court." *Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Parker*, 863 F.3d at 1220 (citation omitted).

Before the district court, both parties argued that res judicata barred the other party's claims, each relying on the final judgment that adjudicated the parties' claims in *Eudora II*. Aplt. App. at 727–34, 765–69. The district court rejected both parties' res judicata arguments, and went on to grant summary judgment in Eudora's favor on the merits, holding that Douglas-4's reaffirmation of the USDA-guaranteed loan does not entitle Douglas-4 to § 1926(b) protection. Although Eudora has not reasserted its res judicata argument on appeal, "we can affirm on any ground supported by the record, so long as the appellant has 'had a fair opportunity to address that ground.'" *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1108 (10th Cir. 2009) (quoting *Maldonado v. City of Altus*, 433 F.3d 1294, 1302-03 (10th Cir. 2006)) (determining there was a fair opportunity when the appellant addressed that ground in response to the summary judgment motion at the district court).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*,

9

553 U.S. 880, 892 (2008).  As relevant here, "[c]laim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001).  The district court's "application of res judicata to the facts . . . is a pure question of law subject to de novo review."  *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000).

Claim preclusion requires:  "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits."  *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).  Here, the first two elements are easily met: *Eudora II* addressed a final judgment on the merits, and that action involved Eudora and Douglas-4—the same parties in this action.  Aplt. App. at 375-76.  Douglas-4 admits as much.  Aplt. App. at 1249 ("Eudora is correct that the parties here are the same as in [*Eudora II*], and that a final judgment on the merits was entered.").  As a result, the only disputed element is whether there is "identity of the cause of action in both suits," *MACTEC*, 427 F.3d at 831.

"To determine what constitutes a 'cause of action' for preclusion purposes, this court has adopted the 'transactional approach' found in the *Restatement (Second) of Judgments* § 24."  *Id.* at 832.  This approach, as adopted by this court, states:

> [A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.  What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are

10

related in time, space, origin, or motivation, and whether they form a convenient trial unit.

*King v. Union Oil of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997) (quoting *Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989)) (alteration in original). In this analysis, a "contract is generally considered to be a 'transaction' for claim preclusion purposes." *MACTEC*, 427 F.3d at 832.

In this case, Douglas-4 argues that four events, together, prevent preclusion of its claim of § 1926(b) protection: (1) the Kansas legislature amended the second clause of K.S.A. § 82a-619(g) in 2012, creating an avenue for § 1926(b) protection that did not have a "necessary" requirement; (2) *Eudora II* voided the 2004 USDA guarantee;[3] (3) Douglas-4 and the USDA reaffirmed the loan's guarantee after the amendment, entitling Douglas-4 to § 1926(b) protection under the new law's second clause; and (4) Eudora has attempted to enforce its K.S.A. § 12-527 rights after the reaffirmation, qualifying as new conduct that would violate Douglas-4's newfound § 1926(b) protection. Aplt. App. at 1249–56.

---

[3] Our holding in *Eudora II* directed the district court to "enter summary judgment in Eudora's favor on the question of whether Douglas-4's USDA guarantee was 'necessary to carry out the purposes of its organization' and otherwise proceed in a manner consistent with [that] opinion." 720 F.3d at 1281 (quoting § 82a-619(g)). The district court then ordered: "In as much as all of [Douglas-4]'s claims were based upon the enforcement of rights it claimed under § 1926(b), all of [Douglas-4]'s claims are hereby dismissed with prejudice." Aplt. App. at 375-76. Notably, neither we nor the district court reached the question of whether the USDA guarantee was void in its entirety—only that it did not entitle Douglas-4 to § 1926(b) protection.

Douglas-4's arguments can only succeed if the reaffirmation of the loan's guarantee creates a separate "transaction" for claim preclusion purposes. We hold that it does not.

Given that Douglas-4 and the USDA reaffirmed the guarantee at issue in *Eudora II*, the reaffirmation is clearly "part of the transaction, or series of connected transactions, out of which [*Eudora II*] arose," *King*, 117 F.3d at 445 (quoting *Lowell*, 878 F.2d at 1274). In fact, the reaffirmation involves no new terms whatsoever. *See* Aplt. App. at 412–13 (Douglas-4 resolution reaffirming the guarantee without adding any new terms); *id.* at 414 (USDA letter stating that it "reaffirms its loan guarantee *as executed* via loan guarantee dated June 15, *2004*" (emphasis added)). Nor did it involve any new transaction. *Id.* at 1517 (finding that, "by the time the Guarantee was made by the USDA, the First State Loan had already been closed, the funds had already been disbursed, and the underlying Johnson-6 project had already been substantially completed"). Viewed "pragmatically," *King*, 117 F.3d at 445 (quoting *Lowell*, 878 F.2d at 1274), the reaffirmation is the very same contract that was at issue in *Eudora II*, and "[a] contract is generally considered to be a 'transaction' for claim preclusion purposes," *MACTEC*, 427 F.3d at 832. Moreover, Douglas-4 failed to raise its reaffirmation argument before the district court entered final judgment on remand in *Eudora II*. *See* Aplt. App. at 1252–53; *id.* at 1510 n.94. Douglas-4 reaffirmed the guarantee on July 9, 2013, *id.* at 412–13, the USDA reaffirmed the guarantee on July 30, 2013, *id.* at 414, and the district court entered final judgment

12

on September 5, 2013, *id.* at 376. Douglas-4 had an opportunity to pursue this argument before the district court, but remained silent.

Under these facts, the reaffirmation was a legal nullity. Douglas-4 cannot circumvent res judicata by simply reaffirming a previously adjudicated contract.

The other issues Douglas-4 raises on appeal are similarly without merit. Neither res judicata nor the doctrine against claim-splitting bar Eudora's declaratory judgment action. We held in Eudora's favor in *Eudora II*, and now Eudora, after learning of Douglas-4's reaffirmation activities, seeks a declaration that Douglas-4's USDA-guaranteed loan still lacks § 1926(b) protection. This claim could not have been brought in a previous action. In addition, the doctrine against claim-splitting is irrelevant here, as it applies against a party who "is involved in another *pending suit* regarding the same subject matter against the same defendants." *Katz v. Gerardi*, 655 F.3d 1212, 1219 (10th Cir. 2011) (emphasis added).

## III.

For the reasons stated, we affirm.

13