**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KENT VU PHAN,

     Plaintiff - Appellant,

v.

RED SKY CONDOMINIUM HOA'S
DIRECTOR HENRY HIPPLE; RED
SKY CONDOMINIUM HOA'S
BUILDING MANAGER DALE
SMITH; STATE FARM
INSURANCE COMPANY;
YVONNE NAJANJO, Property
Seller Counsel by Attorney Scott
Nelson; KENNEDY BROKERAGE,
LLC; JASON LOBATO, Realtor;
STEPHEN BEAUDOIN, Inspector,

     Defendants - Appellees.

No. 18-1022
(D.C. No. 1:17-CV-02830-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

---

[*]     We conclude that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

This appeal involves various claims brought by Mr. Kent Vu Phan regarding contamination of the crawlspace beneath his condominium. Mr. Phan brought claims implicating

- the Americans with Disabilities Act;

- Section 504 of the Rehabilitation Act;

- undefined environmental laws;

- 42 U.S.C. §§ 1981, 1983, 1985, and 1986;

- the Federal Fair Housing Act; and

- various state tort laws involving fraud and bad-faith insurance practices.

The district court dismissed

- the § 1981 cause of action for failure to state a valid claim and

- all other federal causes of action under the doctrine of res judicata.

Having dismissed all of the federal claims, the district court declined to exercise supplemental jurisdiction over the state-law claims.

Mr. Phan appeals pro se, arguing that the district court's dismissal of his claims denied him justice and a remedy for his alleged injury. In addition, Mr. Phan seeks leave to proceed in forma pauperis. We affirm the dismissals and grant the request for leave to proceed in forma pauperis.

2

I. **Failure to State a Valid Claim Under 42 U.S.C. § 1981**

We affirm the dismissal of the § 1981 cause of action for failure to state a valid claim.

Our review of this dismissal is de novo. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298 (10th Cir. 2018). To survive a motion to dismiss, a plaintiff must allege facts that would "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]

Section 1981 prohibits discrimination against protected classes while their members engage in protected activities. *See Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001). To state a valid claim under § 1981, Mr. Phan needed to allege facts supporting a plausible inference that

- he was a member of a protected class,

- the defendants had intended to discriminate on the basis of Mr. Phan's protected status, and

- the discrimination had interfered with a protected activity.

---

[1] Because Mr. Phan is pro se, we liberally construe the complaint, but we do not act as an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

*Id*. at 1102. The district court properly determined that Mr. Phan had not alleged a valid claim under § 1981, for he had not alleged facts indicating an intent to discriminate on the basis of his protected status.

Mr. Phan urged discrimination based on a disability and status as an Asian. Even if we assume that Mr. Phan is a member of a protected class and that the defendants had interfered with a protected activity, Mr. Phan pleaded no facts indicating that the defendants had taken action based on his disability or race.

He argues that his Caucasian neighbor had the resources to move out of the contaminated condominium while he did not.[2] But Mr. Phan alleged no facts suggesting an intent to treat him differently than the Caucasian neighbor.

Because Mr. Phan failed to allege that the defendants had intended to discriminate against him based on his protected status, we affirm the dismissal of the § 1981 claim.

## II. Claims Barred by Res Judicata

Before bringing this action, Mr. Phan had filed a similar action for contamination of the crawlspace beneath his condominium. *See generally Phan v. Hipple*, No. 16-cv-03111, slip op. (D. Colo. May 25, 2017). In the

---

[2] In his reply brief, Mr. Phan argued that some of the defendants had advised the neighbor to move out because of the contamination. We do not consider arguments raised for the first time in a reply brief. *See United States v. Redcorn*, 528 F.3d 727, 738 n.4 (10th Cir. 2008). But even if we were to consider the new allegation, it would not change our analysis.

4

prior action, the district court dismissed with prejudice all claims as frivolous except those arising under § 1981. *Id.* at 7. Based on res judicata, we affirm the district court's dismissal of any claims that were or could have been raised in the prior action.

Our review is again de novo. *City of Eudora v. Rural Water Dist. No. 4*, 875 F.3d 1030, 1034–35 (10th Cir. 2017). In conducting this review, we consider the nature of res judicata, a doctrine preventing parties from re-litigating issues that were or could have been raised in an earlier action. *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000). Res judicata requires

- a judgment on the merits in the earlier action,

- identity of the parties in both suits, and

- identity of the cause of action in both suits.

*City of Eudora*, 875 F.3d at 1035. The district court correctly concluded that the federal causes of action (other than the § 1981 cause of action) were barred by res judicata.

First, there was a judgment on the merits in Mr. Phan's earlier action. In the prior case, the district court dismissed with prejudice the federal causes of action except those brought under § 1981. *Phan v. Hipple*, No. 16-cv-03111, slip op. at 7 (D. Colo. May 25, 2017). A dismissal with prejudice constitutes a judgment on the merits. *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986).

5

Second, there is a common identity between the parties in both suits. The district court determined that Mr. Phan's prior action was against "these same defendants." *Phan v. Hipple*, No. 17-cv-02830, 2017 WL 8751737, at *2 (D. Colo. Dec. 19, 2017).

On appeal, Mr. Phan argues that the parties were not the same because in the prior suit, "all defendants did not officially enter [the] suit." Appellant's Opening Br. at 10. Mr. Phan cites no authority for this argument, and even sua spone dismissals can trigger res judicata. *See Coleman v. Labor & Indus. Rev. Comm'n*, 860 F.3d 461, 469 (7th Cir. 2017) (noting "that screening dismissals have *res judicata* effect"). Mr. Phan makes no other argument that the district court erred in finding a common identity between the parties in the two suits.[3]

Third, there is a common identity of the cause of action in both suits. This court defines "cause of action" based on a transactional approach. *Lowell Staats Mining Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1274 (10th

---

[3]    In his current suit, Mr. Phan includes an additional defendant not named in the prior suit: Kennedy Brokerage, LLC. Kennedy Brokerage was named in the new suit based on the alleged conduct of a realtor, Mr. Jason Lobato, who had been included as a defendant in the prior action. On appeal, Mr. Phan does not challenge the element of common identity based on the addition of Kennedy Brokerage as a party in the second suit. *See United States v. Wells*, 873 F.3d 1241, 1254 (10th Cir. 2017) (stating that we will not consider an argument inadequately presented in a pro se litigant's brief).

Cir. 1989). Under this approach, a plaintiff cannot bring a new suit for a claim that was part of the same transaction underlying the earlier suit. *Id*.

Like the district court, we conclude that both of the suits stem from the contamination of the crawlspace beneath the condominium. The district court determined that Mr. Phan had known about the events since July 2015 (or earlier), which preceded the start of the prior suit, and Mr. Phan presents no argument questioning the district court's determination regarding a common identity of the cause of action in the two suits. Thus, Mr. Phan could have raised all of the present issues in his prior suit.[4]

\* \* \*

The district court did not err in dismissing Mr. Phan's federal claims (with the exception of his § 1981 claim) as barred by res judicata.[5]

### III. Jurisdiction over the State-Law Claims

Having dismissed all of the federal claims, the district court declined to exercise supplemental jurisdiction over the state-law claims. Here we

---

[4] On appeal, Mr. Phan raises various new claims against individuals who are not parties to this appeal. The new claims against these individuals are not properly before us.

[5] The district court also dismissed as frivolous all claims that had been asserted in the prior action. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Because we affirm the dismissal of the federal claims based on res judicata, we need not decide whether the court erred in ordering dismissal for frivolousness. *See Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004) ("We have discretion to affirm on any ground adequately supported by the record.").

apply the abuse-of-discretion standard. *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009).

A district court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). We have explained that when all federal claims have been dismissed, the district court should usually decline to exercise supplemental jurisdiction over any outstanding state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).

Here the district court dismissed all of the federal claims, and the only remaining claims were based on state law. In these circumstances, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state-law claims. *See id.*

## IV.   Conclusion

The district court properly dismissed the § 1981 cause of action for failure to state a valid claim, and the court properly dismissed the other federal claims under the doctrine of res judicata. Thus, the court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state-law claims.

Affirmed.

8

**Motion for Leave to Proceed In Forma Pauperis**

In district court, Mr. Phan moved for leave to proceed in forma pauperis for the purpose of appeal. To obtain leave to proceed in forma pauperis, Mr. Phan must show that he

- lacks the money to prepay the filing fee and

- brings the appeal in good faith.

28 U.S.C. § 1915(a)(1), (a)(3). He satisfies both requirements. He has no assets, and we have no reason to question Mr. Phan's good faith even though we reject his underlying appeal points. As a result, we grant leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge