FILED
United States Court of Appeals
Tenth Circuit

October 2, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ABDULLAHI HAMU JARA,

     Plaintiff - Appellant,

v.

STANDARD PARKING; TEAMSTERS
LOCAL UNION 455,

     Defendants - Appellees.

No. 18-1240
(D.C. No. 1:18-CV-01111-LTB)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

     Plaintiff-Appellant Abdullahi Hamu Jara appeals the district court's dismissal

of his employment-discrimination action on claim and issue preclusion grounds.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

**I**

     Jara, proceeding pro se and in forma pauperis, filed suit against his former

employer and union. Jara alleges that he was discriminated against on the bases of

---

[*] After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

race, religion, and national origin in violation of 42 U.S.C. § 1981 and Title VII, 42 U.S.C. §§ 2000e-2 & 2000e-3(a). Jara also alleges discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 701, as well as various state law causes of action.

Reviewing Jara's complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2), the district court dismissed Jara's Title VII claim on issue preclusion grounds and his other federal claims on claim preclusion grounds because Jara unsuccessfully brought similar claims against the same defendants in a previous lawsuit. See Jara v. Standard Parking (Jara I), 701 F. App'x 733, 735-37 (10th Cir. 2017) (unpublished). The district court declined to exercise supplemental jurisdiction over the state law claims and entered a final judgment. Jara then filed this appeal.

## II

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." City of Eudora v. Rural Water Dist. No. 4, 875 F.3d 1030, 1034 (10th Cir. 2017) (quotation marks omitted). We review a district court's dismissal on res judicata grounds de novo, id. at 1035, and "a denial of supplemental jurisdiction for abuse of discretion," Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotation marks omitted).

Issue preclusion "bars a party from relitigating an issue once it has suffered an adverse determination on the issue." Burrell v. Armijo, 456 F.3d 1159, 1172 (10th Cir. 2006). Relitigation is barred when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is

2

invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Id. (emphasis omitted). When deciding whether a party "had a full and fair opportunity to litigate an issue[,] we focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." Id. (quotation marks and alterations omitted).

Jara's complaint again includes a Title VII claim, which raises the issue of whether Jara exhausted administrative remedies. Jara I, 701 F. App'x at 735. In the previous appeal, we "affirm[ed] the dismissal of Jara's Title VII claim" because "he failed to file a timely discrimination charge with the EEOC" and did not establish his entitlement to equitable tolling. Id. at 735-36. Therefore, the issue of whether Jara exhausted administrative remedies was previously decided against him. Jara argues that there is no issue preclusion because he did not have a chance to litigate the prior case given that it was resolved on a motion to dismiss before he could present evidence.

But dismissal under Rule 12(b)(6) has issue preclusive effect when the district court has adjudicated an issue, even one that did not go to the merits of the underlying claim. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1206, 1209-11 (10th Cir. 2001). Moreover, Jara actively participated in his prior case by, among other things, filing an amended complaint and opposing the defendants' motions to dismiss. Jara had an incentive to litigate the issue of

3

administrative exhaustion because, absent exhaustion, Jara's Title VII claim would not survive the motions to dismiss. Nor is the preclusive effect of the prior judgment diminished simply because Jara litigated pro se. In re Tsamasfyros, 940 F.2d 605, 607 (10th Cir. 1991). Because Jara previously had a full and fair opportunity to litigate the issue of administrative exhaustion, Jara is precluded from relitigating that issue in this case. Therefore, Jara's Title VII claim was properly dismissed.

Claim preclusion "prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." Lenox MacLaren Surgical Corp. v. Medtronic, Inc., 847 F.3d 1221, 1239 (10th Cir. 2017). "To apply claim preclusion," there must be: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." Id. (alteration omitted). "In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a full and fair opportunity to litigate the claim in the prior action." Id. (quotation marks omitted).

With respect to the third element, "a final judgment extinguishes . . . all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Wilkes v. Wyoming Dep't of Emp't, 314 F.3d 501, 504 (10th Cir. 2002). "[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." Id. (quotation marks omitted).

The district court properly dismissed Jara's claims under the Rehabilitation Act and § 1981 on claim preclusion grounds. First, there is a prior final judgment that reached the merits of Jara's previous claims under § 1981 and § 310 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Jara I, 701 F. App'x at 736-37. Second, the parties are the same in both cases. See id. at 734-35. Third, there is an identity of the cause of action because all of Jara's claims arise from his employment at Standard Parking. Wilkes, 314 F.3d at 504-05. Fourth, as discussed previously, Jara had a full and fair opportunity to litigate his prior case.

Finally, the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over the state law claims raised in Jara's complaint. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." Koch, 660 F.3d at 1248 (quotation marks omitted).

## III

The judgment of the district court is AFFIRMED and Jara's motion to proceed in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5